# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DANETTEA LANE,

        Plaintiff,

v.                                                Case No. 10-CV-297

MILWAUKEE COUNTY DEPARTMENT OF SOCIAL
SERVICES CHILDREN AND FAMILY SERVICES DIVISION,
LAURA REITZ, JOHANNA BARKIE, REBECCA EHRIK,
ISA GONZALES-ZAYES, BRENDA NORTON,
and ROBIN ORTIZ,

        Defendants.

_____

# ORDER

On April 8, 2010, the plaintiff, Danettea Lane ("Ms. Lane"), filed a *pro se* complaint alleging various civil rights violations by the above-named defendants. (Docket #1). The court granted plaintiff leave to proceed *in forma pauperis* on April 15, 2010. However, in this same Order (Docket #5), the court stated that it would not order that plaintiff's complaint be served until she amended it to correct several deficiencies. Plaintiff filed an amended complaint four days later that contained similar problems. (Docket #7). The court granted plaintiff thirty days to file yet another amended complaint in compliance with the court's detailed instructions. At the same time, plaintiff also asked the court to appoint her counsel. (Docket #6). The court denied plaintiff's Motion to Appoint Counsel without prejudice because she failed to sufficiently demonstrate her efforts to retain private counsel. On June 2, 2010, Ms. Lane filed a third amended complaint and a second motion to appoint

counsel. (Docket #'s 12, 14). The court will now screen Ms. Lane's newly amended complaint and also consider her motion to appoint counsel.

## DISCUSSION

### I. Screening Under 28 U.S.C. § 1915(e)(2)

The federal *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), instructs the Court to dismiss the case of a person proceeding *in forma pauperis* at any time if "the court determines that the action or appeal . . . fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Generally, "if a complaint contains both good and bad claims, the court proceeds with the good" and dismisses the bad. *Jones v. Bock*, 549 U.S. 199, 221 (2007) (citing *Robinson v. Page*, 170 F.3d 747, 748-49 (7th Cir. 1999) (considering § 1997e(e))). Therefore, although the court has already granted Ms. Lane leave to proceed *in forma pauperis*, the court may dismiss the plaintiff's claims, or a portion of her claims, at any time if it finds she has failed to state a claim upon which relief may be granted. Accordingly, the court will screen Ms. Lane's most recently amended complaint.

The court has issued two orders informing Ms. Lane that it would not order her complaint to be served until she amended the complaint to correct several deficiencies. The court issued the plaintiff detailed instructions regarding both the ministerial and the substantive problems with her complaint. Ms. Lane's most recent attempt to amend her complaint complied with some of the court's ministerial directions. For instance, the plaintiff attempted to identify the parties, to state the

grounds for jurisdiction and venue, to list in numbered paragraphs the general allegations, and to set out, by claim number and name, each individual claim and the facts that support that particular claim. On the other hand, plaintiff's substantive alterations appear to be less successful. Though she did remove claims barred by the *Rooker-Feldman* doctrine, as directed by the court (Docket #5), several of the plaintiff's new allegations are insufficient. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) (holding that lower federal courts do not have jurisdiction to conduct direct review of state court decisions).

The court is obliged to give plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction*. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Here, it appears that Ms. Lane's allegations may be categorized as civil rights claims brought under 42 U.S.C. § 1983 ("§ 1983"). Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights. As such, to state a claim for relief under § 1983, plaintiffs must allege: (1) that they were deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon them by a person acting under color of state law*. Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Despite the court's obligation to construe *pro se* pleadings liberally, the court need not "invent factual scenarios that cannot be reasonably inferred from the pleadings." *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). Dismissal for failure to state a claim is appropriate

when the facts as pleaded do not state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).

Ms. Lane appears to argue that child welfare workers violated her Fourth Amendment right when they conducted an illegal search and seizure both at her home and on the premises of her children's school. (Am. Compl. ¶ 13-14) (Docket #14). The Fourth Amendment's prohibition against unreasonable searches and seizures protects against "warrantless intrusions during civil as well as criminal investigations by the government." *Doe v. Heck*, 327 F.3d 492, 502 (7th Cir. 2003) (citing *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 312 (1978)). Thus, the Fourth Amendment applies to child welfare workers, as well as all other governmental employees. *Brokaw v. Mercer County,* 235 F.3d 1000, 1010 n. 4 (7th Cir. 2000); *Darryl H. v. Coler,* 801 F.2d 893, 900 (7th Cir. 1986). Ms. Lane supports her Fourth Amendment allegation with a short and plain statement of the facts that the court finds plausible on its face. Therefore, the court will allow the plaintiff to proceed with this claim. It also appears that plaintiff sets forth a claim alleging violation of her due process rights under the Fourteenth Amendment. Though the plaintiff's claims regarding the Fourteenth Amendment violations are scattered throughout the complaint, Ms. Lane seems to claim that the defendants deprived her of her liberty interest in familial relations. (Am. Compl. ¶ 13-14, 18, 53) (Docket #14). Plaintiff argues that the manner in which defendants conducted their investigation of child abuse and neglect violated this constitutional right, as well as the defendants' refusal to allow her "lawful parenting time." (Am. Compl. ¶ 13-14, 18) (Docket #14). The

Supreme Court has long recognized that parents have a due process liberty interest in familial relations, which includes the right to "establish a home and bring up children" and "to control the education of their own." *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). Because Ms. Lane states a claim upon which relief may be granted and supports it with plausible factual assertions, Ms. Lane shall be allowed to proceed with her Fourteenth Amendment due process claim.

On the other hand, the plaintiff lists a number of other "causes of action" in her amended complaint that the court must dismiss for failure to state a claim. Ms. Lane's First Amendment claims must be dismissed because the facts she alleges do not support such an allegation. Next, Ms. Lane pleads that her Fifth Amendment due process rights have been violated. However, the Fifth Amendment's guarantee of due process is applicable only to actions of the federal government. *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 213 (1995). Thus, the court must dismiss this claim because the plaintiff's claims are not levied at the federal government. The court must also dismiss Ms. Lane's allegation of a Sixth Amendment violation. Not only does Ms. Lane fail to state any facts to support this allegation, the court can find no plausible set of facts contained within Ms. Lane's complaint that would support a cause of action under the Sixth Amendment.

The plaintiff also contends that several of the named defendants conspired to deprive her of custody of her minor children. She bases this claim on 18 U.S.C. § 241. However, the court must dismiss the plaintiff's conspiracy claim because she makes conclusory allegations without any details or explanation regarding an

agreement between the defendants. Similarly, the court will also dismiss plaintiff's allegations asserted under 18 U.S.C. § 242, 42 U.S.C. § 1986, and 28 U.S.C. § 1443. Plaintiff fails to allege sufficient facts and fails to set forth comprehensible legal claims regarding all of these causes of action.

Lastly, Ms. Lane's amended complaint appears to name the State of Wisconsin as a defendant. (Am. Compl. ¶15) (Docket #14). However, in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), the United States Supreme Court held that a State is not a "person" as that term is used in § 1983, and thus is not susceptible to suit under § 1983. Accordingly, the court must order that any cause of action set forth by the plaintiff in her complaint against the State of Wisconsin be dismissed for failure to state a claim. Next, the court will address Ms. Lane's motion to appoint counsel.

## II. Appointed Counsel

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Lutrrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to litigate the case herself and, if not,

would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Hass*, 990 F.2d 319, 322 (7th Cir. 1993)).

### A. Attempts to Secure Private Counsel

Plaintiff's first motion to appoint counsel, filed in April of 2010, was denied without prejudice because plaintiff did not demonstrate that she had met her threshold burden. Plaintiff's current motion to appoint counsel provides the court with a list of ten attorneys she has tried to contact about representation. Ms. Lane states that she has not been successful in securing representation because the attorneys she contacted only practice corporate litigation or they "just don't practice family law." (Pl.'s Mot. for Appointment of Counsel 4). Ms. Lane also states that she contacted Legal Action of Wisconsin, an organization that provides free legal services to low-income people. She notes that "they tried to get me some help and that did not work out." (Pl.'s Mot. for Appointment of Counsel 4).[1] Accordingly, the court finds that Ms. Lane made a reasonable effort to solicit her own counsel, and thus, she has met her threshold burden.

### B. Difficulty of the Plaintiff's Claims and Competence to Litigate

As previously noted, the second inquiry a court must make in deciding a motion for appointment of counsel is whether, given the difficulty of the case, the plaintiff is competent to litigate the case herself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Hass*, 990 F.2d 319, 322 (7th Cir. 1993)). Plaintiff contends that civil

---

[1] Though the court questions why the plaintiff contacted attorneys who practiced corporate litigation instead of civil rights litigation or family law, it recognizes that plaintiff's circumstances may have precluded her from easily obtaining attorneys' names in the necessary practice area.

rights litigation is complex and, thus, appointment of counsel is necessary. Yet, as the court noted in its May 10, 2010 Order (Docket #9), plaintiff's case is not of the type in which appointment of counsel is typically appropriate. Though plaintiff may think that the issues involved are complex, generally cases of this nature hinge almost entirely on questions of fact, and the legal questions are often straightforward. Additionally, appointment of counsel is generally not appropriate at such an early stage of the proceedings.

Plaintiff next argues she does not have the capacity to litigate her case in light of the difficult nature of her claims. The court finds a review of Ms. Lane's pleadings instructive in analyzing plaintiff's litigation capabilities. Certainly, Ms. Lane's initial two complaints (Docket #'s 1, 7) demonstrate a lack of some capacity in setting forth comprehensible legal claims and supporting those claims with the necessary facts. Indeed, Ms. Lane failed to follow explicit instructions articulated by the court in filing her second amended complaint. However, Ms. Lane's most recent amended complaint (Docket #14), though not perfect, shows some improvement over her previous attempts. This complaint also demonstrates Ms. Lane's ability to comply, at least in part, with court orders. Specifically, Ms. Lane attempted to follow the court's detailed instructions by identifying the parties, stating the grounds for jurisdiction and venue, listing in numbered paragraphs the general allegations, and setting out, by claim number and name, each individual claim and the facts that support that claim. Admittedly, it is still difficult to discern the precise factual and legal underpinnings of much of plaintiff's case; yet, the court's screening of the

complaint has narrowed the issues. The court recognizes these continued deficiencies in the plaintiff's complaint weigh against a finding of competency. However, plaintiff's ability to substantially comply with the court's order and to set forth two comprehensible claims is sufficient evidence of her competency to litigate the case on her own, at least at this point in the proceedings. Furthermore, the relative lack of complexity of plaintiff's claims also satisfies the court that appointment of counsel is unnecessary at this time. Even if the court found Ms. Lane was not competent to litigate her own claims, it is not evident, at this early stage of the proceedings, that the presence of counsel would likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-55. Therefore, the court will deny plaintiff's motion to appoint counsel.

Lastly, along with the plaintiff's amended complaint, Ms. Lane filed a motion asking the court to direct the United States Marshal to serve on all defendants "her Amendant [sic] motion." (Docket #13). Based on directions given to the plaintiff in the court's May 10, 2010 Order (Docket #9), the court will construe this as a motion seeking an order from the court directing the U.S. Marshal to serve a copy of the summons and amended complaint on the named defendants.

Accordingly,

**IT IS ORDERED** that any cause of action set forth by the plaintiff in her complaint against the State of Wisconsin be and the same are hereby **DISMISSED** for failure to state a claim;

**IT IS FURTHER ORDERED** that any cause of action set forth by the plaintiff in her complaint based on the First Amendment, the Fifth Amendment, and the Sixth Amendment to the United States Constitution be and the same are hereby **DISMISSED** for failure to state a claim;

**IT IS FURTHER ORDERED** that any cause of action set forth by the plaintiff in her complaint based on 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1986, and 28 U.S.C. § 1443, be and the same are hereby **DISMISSED** for failure to state a claim;

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket #12) be and the same is hereby **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that plaintiff's Motion to Direct Service by the U.S. Marshal (Docket #13) be and the same is hereby **GRANTED**; the United States Marshal shall serve a copy of the complaint and a copy of this Order upon the named defendants pursuant to Fed. R. Civ. P. 4(c)(3).

Dated at Milwaukee, Wisconsin, this 28th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge